92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jesus SALGADO, Petitioner-Appellant,
v.
Richard B. GRAMLEY, Respondent-Appellee.
 No. 95-3514.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 19, 1996.*
Decided July 19, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Jesus Salgado filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction for two counts of murder and one count of attempted murder. He contends that the evidence at trial demonstrated that he was provoked to act and therefore he should have been convicted of second degree murder rather than first degree murder. The district court denied the petition and we affirm.[1]
 
 
 2
 In habeas corpus proceedings, we presume as true the facts found by the state court. Sprosty v. Buchler, 79 F.3d 635, 643 (7th Cir.1996); Ticey v. Peters, 8 F.3d 498, 499 (7th Cir.1993). We will not repeat verbatim the facts found by the Illinois Appellate Court in Salgado's direct criminal appeal. See People v. Salgado, 216 Ill.App.3d 1106, 626 N.E.2d 433 (1st Dist.1991) (unpublished order ).
 
 
 3
 Salgado alleges that he should have been convicted of second degree murder because he was provoked to act in self-defense. See Ill.Rev.Stat.1987, ch. 38, par. 9-2(a)(1), (2) (now codified at 720 ILCS 5/9-2(a)(1), (2)). He recounts his own testimony at trial that he was struck over the head with a pool stick as he attempted to leave the tavern, possibly out of jealousy for the attention he received for his looks, and reacted to this perceived threat. In reviewing whether the evidence was sufficient to support Salgado's conviction for first degree murder, we consider the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979). We can find the evidence insufficient only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Brumley v. Detella, 83 F.3d 856, (7th Cir.1996).
 
 
 4
 Here, the evidence was sufficient to convict Salgado of first degree murder. Zavala, an employee of the tavern, testified that Salgado instigated the violence and Zavala's testimony was corroborated by four other witnesses. Because we are bound by the state court's determination of credibility, Sprosty, 79 F.3d at 645, this evidence is sufficient to uphold the conviction. However, even Salgado's version of the facts supports the first degree murder conviction. Salgado alleges that he was struck over the head with a pool cue by Torres, a bar patron, and then admits that he drew his pistol and fatally shot Torres and another victim who blocked his escape. He contends, however, that he was provoked or was engaged in mutual combat. However, Illinois limits one's actions in self-defense to be in proportion to the threat. People v. Rivera, 627 N.E.2d 294, 301 (Ill.App.1993); People v. Young, 618 N.E.2d 1026, 1039 (Ill.App.1993). In order to use deadly force, one must be threatened with deadly force. Rivera, 627 N.E.2d at 301; People v. Krueger, 632 N.E.2d 177, 180 (Ill.App.1994). According to Salgado's rendition of the facts, he was threatened with a bar fight and not with deadly force. Thus, Salgado's own rendition of the facts demonstrates that he is guilty of first degree murder. The judgment of the district court is therefore
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 On April 24, 1996, while this case was pending on appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996." Pub.L. No. 104-132, 110 Stat. 1214. Title I of this Act significantly curtails the scope of federal habeas corpus review. We need not decide in this case to what extent these amendments apply to habeas petitions pending when the Act was signed into law because, even under the more expansive scope of review permitted prior to the Act, the Appellant in this case would not have been entitled to federal habeas corpus relief